IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robbie Collins, | ) | Civil Action No. 2:23-05273-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Lt. Durant, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 on October 23, 2023, alleging violations of his constitutional rights. This action primarily stems from certain conditions of confinement Plaintiff experienced at McCormick Correctional Institution ("McCormick") throughout 2023. (Dkt. No. 1.) Plaintiff also alleges that he was subject to excessive force on September 1, 2023, when Plaintiff was "shot [] with canisters of riot gas" and beaten" while attempting to execute a "peaceful protest" about the inadequate living conditions at McCormick. Additionally, Plaintiff alleges his due process rights were violated during disciplinary proceedings stemming from his participation in the protest. Based on the foregoing, Plaintiff alleges violations of his Eighth Amendment right to be free from cruel and unusual punishment against Defendants Rumler, Davis, Palmer, Robertson, Patterson, Kimbrell, Cunningham, Stirling, Howard, Labrador, Butler, Hefner, Terry, and Durant, and violations of his Fourteenth Amendment right to due process against Defendants Robertson, Williams, and McCoy.

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order.[1] (Dkt. No. 37.) Defendants filed a response in opposition on July 24, 2024 (Dkt. No. 42), and

---

[1] Pursuant to 28 U.S.C. §636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge.

Plaintiff did not file a reply. The Motion is ripe for the Court's review. For the reasons set forth below, the undersigned recommends Plaintiff's motion be denied.

## STANDARD

"The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same." *Dyke v. Staphen*, No. 6:18-cv-402-TMC-KFM, 2018 WL 2144551, at *1 (D.S.C. Apr. 19, 2018), *adopted by*, 2018 WL 2136062 (D.S.C. May 9, 2018); *see also Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (showing that the standard for a temporary restraining order is the same as that applied to motions for preliminary injunction). To obtain a preliminary injunction or a temporary restraining order, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008); *see also, Smith v Ozmint*, 444 F. Supp. 2d 502, 504 (D.S.C. 2006). All four requirements must be satisfied in order for relief to be granted. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010).

Because Plaintiff is representing himself, this standard must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

In his Motion for Temporary Restraining Order, Plaintiff states that "SCDC is retaliating against me because of my lawsuits" because he is "being forced to remain in lock-up" at Lee Correctional Institution ("Lee"). (Dkt. No. 37 at 1–2.) Plaintiff explains that he was transferred

from McCormick to Lee on September 28, 2023,[2] and he was placed in the Restrictive Housing Unit shortly after his arrival, where he remains housed. (*Id.* at 1.) Plaintiff asserts he is not receiving any outside recreation and his "physical and mental health is deteriorating." (*Id.* at 2.) In response, Defendants claim that Plaintiff makes only conclusory allegations that do not involve any named Defendant to this lawsuit. (Dkt. No. 42 at 3.) Defendants argue that Plaintiff's Motion fails to satisfy the *Winter* factors and should be denied on this basis. (*Id*. at 1–6.)

Upon careful review, there is no basis to grant Plaintiff's motion. As an initial matter, there is no evidence Plaintiff's claims of retaliation at Lee are related to his § 1983 claims arising from events at McCormick. Accordingly, his motion for a temporary restraining order should be denied as unrelated to the issues in the suit. *See Collins v. Taylor et al*, No. 2:23-cv-01169-RMG-MGB, Dkt. No. 29 at 2–3 (Sept. 6, 2023) (denying Plaintiff's Motion for TRO because "when a party moves for a temporary restraining order on issue outside of the suit, the underlying purpose of the temporary restraining order is absent").

Even assuming that the basis of the suit and the temporary restraining order were the same, the undersigned recommends that Plaintiff has failed to make the required showing under *Winter*. First, Plaintiff has failed to show that he will succeed on the merits. A prisoner has no constitutional right to placement in any particular custody classification, and Plaintiff offers no evidence that his "lawsuits" are a substantial or motivating factor in his current housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245-248 (1983) (finding no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution); *Wade v. MacDonald*, No. 7:21-cv-00560, 2022 WL 2532462, at *4 (W.D. Va. July 7,

---

[2] *See also* https://public.doc.state.sc.us/scdc-public/inmateDetails.do?id=%2000290946 (last visited August 21, 2024); *see also Charley v. Moore*, No. 6:14-cv-4591-BHH-KFM, 2015 WL 13734221, at *2 (D.S.C. Jan. 28, 2015) ("This court may take judicial notice of the SCDC public inmate database.").

2022) ("Bare assertions of retaliation are insufficient to state a § 1983 claim. Instead, the inmate must come forward with specific evidence to establish that "'but for the retaliatory motive, the complained [-] of incident . . . would not have occurred.'" (quoting *Brown v. Ratledge*, No. 7:16-cv-303, 2017 WL 4404248 at *7, (W.D. Va. Sep. 29, 2017)); *Dukes v. Leak*, No. 0:14-cv-3340-DCN-PJG, 2014 WL 7338959 *3 (D.S.C. Dec. 23, 2014) ("[T]he court observes that Plaintiff has no protected liberty interest in his custody or security classification.").

Plaintiff's inability to show he is likely to succeed on the merits of his retaliation claim is reason enough to deny his motion. *See Winter*, 555 U.S. at 20 (listing the four preliminary-injunction requirements in the conjunctive). Additionally, Plaintiff has not shown any likelihood that he will suffer irreparable harm absent the injunctive relief. He has also failed to establish that the balance of equities tips in his favor, and he has failed to show that an injunction is in the public interest.

## CONCLUSION

For the foregoing reasons, this Court recommends that Plaintiff's Motion for a Temporary Restraining Order (Dkt. No. 37) be **DENIED**.

**IT IS SO RECOMMENDED.**

August 22, 2024

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).