IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins,<br><br>        Plaintiff,<br>   v.<br><br>Lt. Durant, et. al.,<br><br>        Defendants. | Case No. 2:23-05273-RMG<br><br>**ORDER AND OPINION** |

    Before the Court is the report and recommendation (R&R) of the Magistrate Judge recommending Plaintiff's motion for temporary restraining order (TRO) be denied. (Dkt. No. 37). Plaintiff did not file objections to the report. Defendants filed a response in opposition on July 24, 2024 (Dkt. No. 42), and Plaintiff did not reply. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and denies Plaintiff's motion for TRO. (Dkt. No. 37).

    **I.    Background**

    Plaintiff Robbie Collins alleges that his constitutional rights were violated while in custody at McCormick Correctional Institution (McCormick) and in Lee Correctional Institution (Lee). (Dkt. No. 1). Plaintiff alleges that he was subject to excessive force on September 1, 2023, when Plaintiff was shot with canisters of riot gas and beaten in response to a peaceful protest about living conditions at McCormick. (Dkt. No. 1). Plaintiff also alleges his due process rights were violated during disciplinary proceedings stemming from his participation in the protest. (Dkt. No. 27). Plaintiff alleges that he was "forced to remain in lock-up" at Lee as retaliation for his "lawsuits." (Dkt. No. 37). On July 12, 2023, Plaintiff filed a Motion for TRO against the Defendants. (Dkt. No. 37). Defendants filed a response in opposition on July 24, 2024, arguing that Plaintiff has failed to make a proper showing for the TRO (Dkt. No. 42). Plaintiff did not reply.

**II.     Legal Standard**

   **A.  Review of R&R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

   **B.  Motion for Temporary Restraining Order**

"The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same." *Dyke v. Staphen*, No. 6:18-cv-402-TMC-KFM, 2018 WL 2144551, at *1 (D.S.C. Apr. 19, 2018), *adopted by*, 2018 WL 2136062 (D.S.C. May 9, 2018*); see also Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (showing that the standard for a temporary restraining order is the same as that applied to motions for preliminary injunction). To obtain a preliminary injunction or a temporary restraining order, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008); *see also, Smith v Ozmint*,

444 F. Supp. 2d 502, 504 (D.S.C. 2006). All four requirements must be satisfied in order for relief to be granted. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010). Because Plaintiff is representing himself, this standard must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Discussion

Upon review of the record and case law in this Circuit, the Magistrate Judge determined that there is no basis on which to grant Plaintiff's motion. Plaintiff failed to provide evidence to support his claims that he is being punished as retaliation for his § 1983 claims arising from events at McCormick. Therefore, his motion for a temporary restraining order should be denied as unrelated to the issues in the suit. *See Collins v. Taylor et al.*, No. 2:23-cv-01169-RMG-MGB, Dkt. No. 29 at 2–3 (Sept. 6, 2023) (denying Plaintiff's Motion for TRO because "when a party moves for a temporary restraining order on issue outside of the suit, the underlying purpose of the temporary restraining order is absent").

Further, Plaintiff has failed to satisfy the four *Winter* factors necessary for a TRO. Plaintiff has failed to show that he will succeed on the merits. Not only does a prisoner have no constitutional right to be placed in the custody classification of his choosing, but Plaintiff also provided no evidence that being placed in "lock-up" at Lee was retaliation against for his lawsuits. *See Olim v. Wakinekona*, 461 U.S. 238, 245-248 (1983) (finding no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution); *Wade v. MacDonald*, No. 7:21-cv-00560, 2022 WL 2532462, at *4 (W.D. Va. July 7, 2022) ("Bare assertions of retaliation are insufficient to state a § 1983 claim. Instead, the inmate must come forward with specific evidence to establish that "'but for the

retaliatory motive, the complained [-] of incident . . . would not have occurred.'" (quoting *Brown v. Ratledge*, No. 7:16cv-303, 2017 WL 4404248 at *7, (W.D. Va. Sep. 29, 2017)); *Dukes v. Leak*, No. 0:14-cv-3340DCN-PJG, 2014 WL 7338959 *3 (D.S.C. Dec. 23, 2014) ("[T]he court observes that Plaintiff has no protected liberty interest in his custody or security classification.").

Plaintiff has also failed to satisfy the other elements of the *Winter* test. Plaintiff has not shown that he will suffer irreparable harm absent the TRO. Plaintiff has failed to establish that the balance of equities tip in his favor. And Plaintiff has failed to show that the TRO is in the public interest.

**IV.     Conclusion**

In light of the foregoing, Defendants' motion for TRO is **DENIED**. (Dkt. No. 37).

**AND IT IS SO ORDERED.**

    s/Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

September 11, 2024  
Charleston, South Carolina