IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, <br><br> Plaintiff, <br> v. <br><br> Lt. Durant, et. al., <br><br> Defendants. | Case No. 2:23-05273-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending Plaintiff's motions for temporary restraining order ("TRO") be denied. (Dkt. No. 164). Plaintiff, appearing *pro se* and *in forma pauperis*, filed an untimely objection (Dkt. No. 170). For the reasons set forth below, the Court adopts the R & R as the Order of the Court and denies Plaintiff's motions for TROs. (Dkt. Nos. 100; 111; 138; 151).

   I.   **Background**

This action arises from the allegedly unconstitutional conditions of confinement Plaintiff experienced at McCormick Correctional Institution ("McCormick") and Lee Correctional Institution ("Lee") throughout 2023. (Dkt. No. 4). Plaintiff alleges that he was subject to excessive force on September 1, 2023, when he was shot with canisters of riot gas and beaten in response to a peaceful protest about living conditions at McCormick. (Dkt. No. 4). Plaintiff also alleges his due process rights were violated during disciplinary proceedings stemming from his participation in the protest. (Dkt. Nos. 100; 111). Plaintiff alleges that he was confined to a cell for three days at Lee in retaliation for his lawsuits. (Dkt. Nos. 100; 111). Further, Plaintiff alleges that he is being improperly denied access to the law library. (Dkt. Nos. 111; 138; 151). Specifically, Plaintiff alleges that Defendants Rumler, Davis, Palmer, Robertson, Patterson, Kimbrell, Cunningham,

1

Stirling, Howard, Labrador, Butler, Hefner, Terry, and Durant violated Plaintiff's Eighth Amendment rights, and Defendants Robertson, Williams, and McCoy violated his Fourteenth Amendment rights. (Dkt. No. 4).

On July 12, 2023, Plaintiff filed a Motion for TRO against the Defendants (Dkt. No. 37), and the Court denied it (Dkt. No. 70). Plaintiff has filed four more motions for TROs (Dkt. Nos. 100; 111; 138; 151), in which he requested release from lock up, Court ordered production of documents, a working tablet, and access to his facility's law library. Defendants filed responses (Dkt. Nos. 136; 137; 150; 161), and Plaintiff replied to the first three responses. (Dkt. Nos. 145; 146; 156; 157). Plaintiff's motions are ripe for review.

## II.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III. Discussion

The Court has reviewed the R & R, applicable caselaw, and the record evidence in this matter. The Court finds that the R & R ably addressed the factual and legal issues in this matter and correctly concluded that there is no basis to grant any of Plaintiff's motions for TROs. In Plaintiff's objection to the R & R, he realleges that the prison staff is retaliating against him for his lawsuits, and he reiterates his request for a TRO. (Dkt. No. 170).

The Court agrees with the Magistrate Judge's conclusion that Plaintiff's requested TROs are unrelated to the issues in the underlying suit and should be dismissed. The Court also agrees with the Magistrate Judge's determination that all four of Plaintiff's motions failed to make the required showing under *Winter*. Plaintiff did not establish that he would succeed on the merits, that he would suffer irreparable harm absent the injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Plaintiff has also failed to show how this alleged denial of access to the law library has caused him actual injury; Plaintiff was never denied a tablet for any reason other than supply shortages and "Plaintiff can access the law library in accordance with SCDC policy." (Dkt. No. 169 at 1).

### IV. Conclusion

In light of the foregoing, the Court **ADOPTS** the R & R (Dkt. No. 164) as the Order of the Court and **DENIES** Plaintiff's motions for temporary restraining orders (Dkt. Nos. 100; 111; 138; 151).

**AND IT IS SO ORDERED.**

                                                  s/ Richard M. Gergel
                                                  Richard Mark Gergel
                                                  United States District Judge

February 24, 2025
Charleston, South Carolina