IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins,<br><br>        Plaintiff,<br>  v.<br><br>Lt. Durant, *et. al.*,<br><br>        Defendants. | Case No. 2:23-05273-RMG<br><br><br>**ORDER** |

      This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 195), recommending that Defendant's Motion for Summary Judgment (Dkt. No. 178) be granted based on Plaintiff's failure to exhaust administrative remedies. Plaintiff did not file an objection to the Magistrate Judge's R & R. After a thorough review of the record, the Court adopts the R & R as the Order of the Court and dismisses Plaintiff's claims without prejudice.

**I.    Background**

      On September 1, 2023, a group of South Carolina Department of Corrections (SCDC) inmates housed at the McCormick Correctional Institution refused instructions to return to their cells until they had an audience with the Warden to discuss the "unconstitutional conditions he was forcing [them] to live in." (Dkt. No. 4-2 at 3). At least seven inmates, including Plaintiff, occupied an area of their housing unit and "emptied trashcans and filled them with water." (*Id*). In response to these inmates' open defiance of direct orders, SCDC employed chemical munitions "to retake control of the unit." (*Id*.).

      Plaintiff, who is serving a life sentence for murder, was actively involved in this incident. (*Id.* at 2). Plaintiff has a long history of significant disciplinary actions while incarcerated at SCDC,

including seven incidents of possession of a weapon and multiple episodes of inciting a disturbance and threatening SCDC employees with violence. (Dkt. No. 136-2). Plaintiff alleges that while SCDC was responding to the disturbance he was "beaten." (Dkt. No. 4-2 at 3). Plaintiff maintains that "[t]here was no need for the excessive force," as he "didn't pose any threat" and was simply "asking to speak to the warden." (Dkt. No. 4 at 4). Following this incident, Plaintiff alleges he was placed in solitary confinement and charged with "riot," inciting and creating a disturbance," and "refusing to obey orders," (Dkt. No. 4 at 7). Plaintiff also alleges that he was not receiving appropriate mental health care, that he was placed in a cell where "it rained directly into the cell, the walls [were] covered with black mold, blood, and feces." (Dkt. No. 4 at 5).

Based on his allegations, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for cruel and unusual punishment in violation of the Eighth Amendment.

**II.    Legal Standard**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir.1983).

### III. Discussion

Defendants argue that they are entitled to judgment on Plaintiff's claim because Plaintiff failed to exhaust his administrative remedies prior to initiating litigation as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Defendants provided affidavit testimony that Plaintiff failed to exhaust his administrative remedies because he failed to properly appeal the denial of his grievance to the South Carolina Administrative Law Court, which is Step 2 under the South Carolina Department of Corrections Inmate Grievance System. (Dkt. No. 178-8 at 57). Based on this evidence, the Magistrate Judge found that Plaintiff's claims against all Defendants should be dismissed for failure to fully exhaust his administrative remedies. After a review of the record and relevant case law, the Court agrees with the Magistrate Judge that the evidence, unrebutted by Plaintiff, shows that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Accordingly, the Court grants Defendants' motion for summary judgment for failure to exhaust, and Plaintiff's claims are dismissed without prejudice.

Based on the Court's finding that Plaintiff failed to exhaust his administrative remedies, the Court declines to address Defendants other arguments in their motion for summary judgment.

### IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R, **GRANTS** Defendants' motion to dismiss based on Plaintiff's failure to exhaust administrative remedies (Dkt. No. 195). Plaintiff's complaint is **DISMISSED** without prejudice.

3

                                                                           s/ Richard Mark Gergel
                                                                           Richard Mark Gergel
                                                                           United States District Judge

October 27, 2025
Charleston, South Carolina